**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CHARLES R. YOUNG, )
)
    Plaintiff, )
)
v. ) Case No. 13-CV-661-GKF-PJC
)
TULSA NEW HOLLAND, INC., )
)
    Defendant. )

**OPINION AND ORDER**

This matter comes before the court on the motion of Charles R. Young ("Mr. Young") to Remand to State Court. [Dkt. # 6].

**I.  Procedural Background**

On September 12, 2013, Mr. Young filed a Petition in the District Court of Rogers County, Oklahoma. In his two-page Petition, Mr. Young alleged that when Tulsa New Holland terminated his employment it "constitute[d] a violation of the Age Discrimination in Employment Act [("ADEA")] and of the Oklahoma Anti-Discrimination Act [("OADA")]." [Dkt. #2 at pp. 8-9]. On October 7, 2013, Tulsa New Holland removed the action on the ground that the Petition presented a federal question over which this court has jurisdiction pursuant to 28 U.S.C. § 1331.

Following removal, on October 11, 2013, Mr. Young filed a First Amended Complaint[1] [Dkt. # 5] and his Motion to Remand. Mr. Young removed all references to federal law in his First Amended Complaint. Six days later, Tulsa New Holland filed a Motion to Dismiss for failure to state a claim. [Dkt. # 13].

---

[1] Plaintiff mistakenly titled this document a First Amended Petition.

1

## II. Discussion

### A. Applicable Legal Standard

Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a suit arises under federal law "when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potasch Carlsbad, Inc.*, 963 F.3d 1195, 1202 (10th Cir. 2012).

Rule 15 of the Federal Rules of Civil Procedure instructs that a plaintiff may amend his complaint as a matter of course within 21 days after the filing of a responsive pleading or a motion under Rules 12(b), (e), or (f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15 (a)(1).

Plaintiff may choose to dismiss a federal claim as a tactical choice even after defendant removes the action to federal court. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995), overruled on other grounds by *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704 (2005); *see also* 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013). However, the district court retains discretion to exercise supplemental jurisdiction over all state claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). A district court may decline to exercise its discretionary supplemental jurisdiction over a state claim if the court has dismissed all claims over which it had original jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1867 (2009); *Sanders v. Southwestern Bell Telephone*, 03-0452, 2009 WL 1812424 (N.D. Okla. Jun. 23, 2009). Courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity" in determining whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

350, 108 S. Ct. 614, 619 (1988).  "[A] powerful reason to choose not to continue to exercise jurisdiction" is when the "single federal-law claim in the action was eliminated at an early stage of the litigation." *Id.*

### B. Analysis

Mr. Young alleged in his Petition that defendant's actions "constitute[d] a violation of the [ADEA]. . ."  This allegation is sufficient to render Tulsa New Holland's removal to this court proper, despite Mr. Young's contention that he never intended to raise a federal claim. *Devon Energy Prod. Co., L.P.*, 963 F.3d at 1202.

However, Mr. Young removed all references to federal law in his First Amended Complaint.  Mr. Young's First Amended Complaint was properly filed without leave of court pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.  As all possible federal claims no longer exist, the court no longer has subject matter jurisdiction over this case.

Tulsa New Holland argues that allowing Mr. Young to withdraw his federal claim after removal is improper.  However, plaintiffs may choose to withdraw federal claims as a tactical choice, even after defendants have removed the action to federal court.  See *Baddie*, 64 F.3d at 490, overruled on other grounds by *Martin,* 546 U.S. 132, 126 S. Ct. 704; *see also* 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013).  Once the only federal claim has been withdrawn, a district court may decline supplemental jurisdiction and remand all remaining matters to the state court.  28 U.S.C. § 1367(a), (c); *see also Carlsbad Tech.*, 556 U.S. 639, S. Ct. 1867.  Here, the court has not examined the merits of this case, all potential federal claims have been withdrawn, and the court has made no findings as to the underlying state matters.  Thus, it is appropriate to remand the remaining legal issues to the state court. *Carnegie-Mellon Univ.*, 484 U.S. at 350, 108 S. Ct. at 619.

**III.     Conclusion**

WHEREFORE, Mr. Young's Motion to Remand [Dkt. # 6] is granted.  Each party is to bear its own fees and costs.  The Court Clerk is hereby directed to remand this case to the District Court of Rogers County, Oklahoma.

DATED this 20th day of November, 2013.

                                        GREGORY K. FRIZZELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT